THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff Jenelle DeMoro

| | |
|---|---|
| **JENELLE DeMORO** | UNITED STATES DISTRICT COURT |
| | DISTRICT COURT OF NEW JERSEY |
| Plaintiff | |
| | TRENTON |
| | |
| | Civil Action No.: |
| vs. | |
| | |
| **TOWNSHIP OF MARLBORO;** | **COMPLAINT** |
| **CHIEF OF POLICE BRUCE E. HALL;** | |
| **DONNA GONZALEZ; JOHN DOES 1-5,** | |
| Marlboro Township Police Officers; | |
| **JOHN DOES 6-10,** Personnel and/or | |
| Police Officers of the Marlboro Township Police | |
| Department in supervisory capacities; | |
| | |
| Defendants. | |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

**PARTIES**

2. Plaintiff Jenelle DeMoro, residing at 45 Silvers Road, Freehold, NJ, 07728, is and was, at all times herein relevant a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Donna Gonzalez and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Marlboro Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Marlboro Township and were acting under the color of law.

4. Defendants Chief of Police Bruce E. Hall and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Marlboro Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Marlboro Township and were acting under the color of law.

5. Defendants Hall and/or John Does 6-10 were acting in supervisory capacities over Defendants Gonzalez and or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Gonzalez and or John Does 1-5.

6. Defendant Marlboro Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Marlboro Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Hall, Gonzalez and/or John Does 1-10.

8. Defendants Chief of Police Bruce E. Hall and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Marlboro Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or

employees of the Township of Marlboro and were acting under the color of law.

9. Suit is brought against all individually named Defendants in their personal and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. On November 29, 2018, Marlboro Township police stopped Plaintiff's vehicle for motor vehicle infractions and she was transported to police headquarters on suspicion of operating her vehicle under the influence of alcohol.

3. Defendants Gonzalez and/or John Does 1-5 used unreasonable and excessive force on Plaintiff's person without justification during her processing at police headquarters.

4. Specifically, Defendants Gonzalez and/or John Does 1-5 threw Plaintiff to the ground, dragged her into a holding cell and punched her in the face.

5. Plaintiff was injured as a result of Defendants Gonzalez' and/or John Does 1-5's use of excessive and unreasonable force on her person.

6. Defendants Gonzalez and/or John Does 1-10 charged Plaintiff with Aggravated Assault and Resisting Arrest. (2C:12-1B (5) (A), 2C:29-2A (1)), and motor vehicle offenses.

7. The charges against Plaintiff were resolved by way of her pleading guilty to Disorderly Conduct and Refusal To Submit To Breath Testing in municipal court.

## COUNT ONE
## SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced use of excessive and unreasonable force by Defendants Gonzalez and/or John Does 1-5 on Plaintiff's person

committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, made actionable through 42 U.S.C. Section 1983.

3. As a direct and proximate cause of the excessive and unreasonable use of force by Defendants Gonzalez and/or John Does 1-5 as set forth above, Plaintiff Jenelle DeMoro suffered bodily and emotional injuries; medical expenses; lost wages, and additional special damages in an amount which cannot yet be determined.

4. By reason of the above, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Jenelle DeMoro demands judgment against Defendants Donna Gonzalez and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Gonzalez and/or John Does 1-5 were Marlboro Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Gonzalez and/or John Does 1-5 had a duty to intervene in the unjustified assault of Plaintiff by Defendants Gonzalez and/or John Does 1-5.

4. The unjustified assault and arrest of Plaintiff by Defendants Gonzalez and/or John Does 1-5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and

made actionable through 42 U.S.C. Section 1983.

5. Defendants Gonzalez and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified assault of Plaintiff by Defendants Gonzalez and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of the conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily and emotional injuries; medical expenses; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Jenelle DeMoro demands judgment against Defendants Donna Gonzalez and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT THREE
## SECTION 1983 SUPERVISORY LIABILITY

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Bruce E. Hall and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff Jenelle DeMoro was arrested and assaulted.

3. Defendants Hall and/or John Does 6-10 had a duty to prevent subordinate officers Gonzalez and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Hall and/or John Does 6-10 either directed Defendants Gonzalez and/or John Does 1-5 to violate Plaintiff's constitutional rights and/or had knowledge of and/or acquiesced in his/their subordinate's violations.

5. Specifically, Defendants Hall and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents

in violation of Marlboro and/or Marlboro Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

6. As a direct and proximate result of the acts of Defendants Hall and/or John Does 6-10 as set forth herein, Plaintiff sustained bodily and emotional injuries; medical expenses; lost wages, and additional special damages in an amount which cannot yet be determined in connection with the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Jenelle DeMoro demands judgment against Defendants Bruce E. Hall and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FOUR
## SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY /INADEQUATE TRAINING

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Marlboro Township's Police Department, Bruce E. Hall, and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Marlboro Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police-citizen encounters, and/or (4) disciplining officers. Defendants Hall and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Defendants

Gonzalez and/or John Does 1-5 used excessive and unreasonable force on Plaintiff Jenelle DeMoro's person.

    3.  At all times mentioned herein, Defendants Hall, Gonzalez and John Does 1- 10, as police officers, agents, servants and/or employees of Defendant Marlboro Township, were acting under the direction and control of Defendants Marlboro Township Police Department, Hall and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Marlboro Township Police Department.

    4.  Acting under color of law pursuant to official policy, practice, or custom, Defendants Hall and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis Defendants Gonzalez and or John Does 1-5 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

    5.  Defendants Marlboro Township, Hall and/or John Does 6-10 were aware of numerous similar police citizen encounters involving Defendants Gonzalez, John Does 1-5, and/or other Marlboro Township Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld  evidence and/or used unreasonable and excessive force on citizen/arrestees.

6. Specifically, Defendant Gonzalez has been named as a defendant in at least one previous lawsuit brought by a citizen alleging that Defendant Gonzalez used excessive and unreasonable force on her person in violation of her Fourth Amendment rights.

7. Defendants Hall and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Marlboro Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8. Despite their awareness, Defendants Marlboro Township, Hall and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Hall; Gonzalez; John Does 1-10, and/or other Marlboro Township Police Officers.

9. Defendants Marlboro Township, Hall and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Hall, Gonzalez and/or John Does 1-5 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

10. Defendants Marlboro Township, Hall and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

11. Defendants Marlboro Township, Hall and/or John Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Gonzalez and or John Does 1-5 heretofore described.

12. As a direct and proximate result of the acts and/or omissions of Defendants

Marlboro Township, Hall and/or John Does 6-10 as set forth herein, Plaintiff sustained bodily and emotional injuries; medical expenses; lost wages, and additional special damages in an amount which cannot yet be determined in connection with the deprivation of her constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff Jenelle DeMoro demands judgment against Defendants Marlboro Township, Hall and/or John Does 6-10 on this Count together with compensatory and punitive damage, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT FIVE
## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The use of excessive force and failure to intervene by Defendants Gonzalez and/or John Does 1- 5 acting under color of state law, set forth at length above, deprived Plaintiff of her substantive due process right to be free from unlawful seizure of her person and her fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act").

3. As a direct and proximate result of the aforesaid acts of Defendants Gonzalez and/or John Does 1-5 Plaintiff sustained bodily and emotional injuries; medical expenses; lost wages, and additional special damages in an amount which cannot yet be determined.

4. Plaintiff invokes the invoke the supplemental jurisdiction of this Court to hear and determine this claim.

**WHEREFORE**, Plaintiff Jenelle DeMoro demands judgment against Defendants Donna Gonzalez and or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: February 28, 2020          */s/ Thomas J. Mallon, Esquire*
                                  **THOMAS J. MALLON, ESQUIRE**